UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

RICHARD F.,

Plaintiff,

v.

COMMISSIONER OF SOCIAL SECURITY,

Defendant.

Case No. C19-5220 JCC

ORDER REMANDING FOR
FURTHER ADMINISTRATIVE
PROCEEDINGS

Plaintiff seeks review of the denial of his application for Disability Insurance Benefits. Plaintiff contends the ALJ erred by rejecting his and his wife's testimony and several medical opinions, and requests the matter be remanded for payment of benefits. Dkt. 11, 21. The Commissioner concedes the ALJ erred by failing to address one medical opinion, and contends the matter should be remanded for further administrative proceedings. Dkt. 20. As discussed below, the Court REVERSES the Commissioner's final decision and REMANDS the matter for further administrative proceedings under sentence four of 42 U.S.C. § 405(g).

I.      BACKGROUND

Plaintiff is currently 52 years old, has a high school education, and has worked as a heavy truck driver. Dkt. 8, Admin. Record (AR) 26. On June 15, 2016, Plaintiff applied for benefits, alleging disability as of November 12, 2014. AR 81. Plaintiff's applications were denied

1  initially and on reconsideration.  AR 80, 94.  After the ALJ conducted a hearing on September

2  20, 2017, the ALJ issued a decision on May 2, 2018, finding Plaintiff not disabled through that

3  date.  AR 33-79, 15-28.

4  II.     THE ALJ'S DECISION

5        Utilizing the five-step disability evaluation process,[1] the ALJ found:

6        Step one:  Plaintiff has not engaged in substantial gainful activity since the November
         2014 alleged onset date.

7

8        Step two:  Plaintiff has the following severe impairments: posttraumatic stress disorder
         (PTSD), lumbar herniated disc with radiculopathy, recurrent major depressive disorder,
         unspecified anxiety disorder, and osteoarthritis of the left ankle and foot.

9

10       Step three:  These impairments do not meet or equal the requirements of a listed
         impairment.[2]

11       Residual Functional Capacity:  Plaintiff can perform light work.  He can frequently climb
         ramps or stairs, but never climb ladders, ropes, or scaffolds.  He can frequently balance,

12       stoop, kneel, crouch, and crawl.  He can have occasional exposure to hazards and extreme
         vibrations.  He can have occasional interaction with coworkers and the public.  He can

13       perform simple, routine, and repetitive tasks in a work environment free of fast-paced
         production requirements.

14

15       Step four:  Plaintiff cannot perform past relevant work.

16       Step five:  As there are jobs that exist in significant numbers in the national economy that
         Plaintiff can perform, he is not disabled.

17  AR 17-28.  The Appeals Council denied Plaintiff's request for review, making the ALJ's

18  decision the Commissioner's final decision.  AR 1-3.

19       Plaintiff filed a subsequent application for Social Security disability benefits, and was

20  determined to be disabled with an onset date of September 6, 2017.  Dkt. 11, Ex. 1.

21

22

23  [1] 20 C.F.R. § 404.1520.
    [2] 20 C.F.R. Part 404, Subpart P, Appendix 1.

    ORDER REMANDING FOR FURTHER
    ADMINISTRATIVE PROCEEDINGS - 2

III.    DISCUSSION

This Court may set aside the Commissioner's denial of Social Security benefits only if

the ALJ's decision is based on legal error or not supported by substantial evidence in the record

as a whole. *Trevizo v. Berryhill*, 871 F.3d 664, 674 (9th Cir. 2017).  Each of an ALJ's findings

must be supported by substantial evidence. *Reddick v. Chater*, 157 F.3d 715, 721 (9th Cir.

1998).  "Substantial evidence" is more than a scintilla, less than a preponderance, and is such

relevant evidence as a reasonable mind might accept as adequate to support a conclusion.

*Richardson v. Perales*, 402 U.S. 389, 401 (1971); *Magallanes v. Bowen*, 881 F.2d 747, 750 (9th

Cir. 1989).  The ALJ is responsible for evaluating evidence, resolving conflicts in medical

testimony, and resolving any other ambiguities that might exist. *Andrews v. Shalala*, 53 F.3d

1035, 1039 (9th Cir. 1995).  While the Court is required to examine the record as a whole, it may

neither reweigh the evidence nor substitute its judgment for that of the ALJ. *Thomas v.*

*Barnhart*, 278 F.3d 947, 954, 957 (9th Cir. 2002).  When the evidence is susceptible to more

than one interpretation, the ALJ's interpretation must be upheld if rational. *Burch v. Barnhart*,

400 F.3d 676, 680-81 (9th Cir. 2005).  This Court "may not reverse an ALJ's decision on

account of an error that is harmless." *Molina v. Astrue*, 674 F.3d 1104, 1111 (9th Cir. 2012).

A.    **Medical Opinions**

Plaintiff challenges the ALJ's analysis of two treating providers, two examining doctors,

and two non-examining doctors.  A treating physician's opinion is generally entitled to greater

weight than an examining physician's opinion, and an examining physician's opinion is entitled

to greater weight than a non-examining physician's opinion. *Garrison v. Colvin*, 759 F.3d 995,

1012 (9th Cir. 2014).  An ALJ may only reject the uncontradicted opinion of a treating or

examining doctor by giving "clear and convincing" reasons. *Revels v. Berryhill*, 874 F.3d 648,

654 (9th Cir. 2017).  Even if a treating or examining doctor's opinion is contradicted by another

doctor's opinion, an ALJ may only reject it by stating "specific and legitimate" reasons.  *Id.*  The

ALJ can meet this standard by providing "a detailed and thorough summary of the facts and

conflicting clinical evidence, stating his interpretation thereof, and making findings."  *Id.*

(citation omitted).  "The ALJ must do more than offer his conclusions.  He must set forth his

own interpretations and explain why they, rather than the doctors', are correct."  *Reddick*, 157

F.3d at 725.

   "Only physicians and certain other qualified specialists are considered '[a]cceptable

medical sources.'"  *Ghanim v. Colvin,* 763 F.3d 1154, 1161 (9th Cir. 2014) (alteration in

original); *see* 20 C.F.R. § 404.1502(a), (d), (e).  An ALJ may reject the opinion of a non-

acceptable medical source, such as a therapist, by giving reasons germane to the opinion.  *Id.*  An

ALJ must consider all opinions, including those from non-acceptable medical sources, which

may in some cases even outweigh the opinions of acceptable medical sources.  *See* 20 C.F.R.

§ 404.1527(f).

      1.  <u>Maria W. Wilder, ARNP</u>

   The Commissioner contends the ALJ erred by failing to address a May 2017 letter by Ms.

Wilder opining that Plaintiff "is unable to work."  AR 364; Dkt. 20 at 2.  The Court agrees.  *See*

*Marsh v. Colvin*, 792 F.3d 1170, 1173 (9th Cir. 2015) (failure to address medical opinion was

not harmless error).  While the Commissioner only mentions that Ms. Wilder "indicat[ed] that

Plaintiff had a left ankle injury," Ms. Wilder based her opinion on Plaintiff's "PTSD,

Depression, Ventricular premature beats, Arrhythmia, L5 herniated disc…, Left ankle injury…,

[and] osteoarthritis."  Dkt. 20 at 2; AR 364-65.  The ALJ's error is harmful because, if accepted,

Ms. Wilder's opinions could establish disability directly or could establish limitations not

1  included in the RFC, in which case the ALJ may have relied at step five on jobs Plaintiff cannot

2  perform.  *See Hill v. Astrue*, 698 F.3d 1153, 1161-62 (9th Cir. 2012).

3  The Commissioner does not concede error on any other issue.

4  2.  Patricia Sylwester, M.D.

5  Dr. Sylwester examined Plaintiff in November 2015 and opined that he could stand/walk

6  four hours and sit two hours, and would need to be able to change positions throughout that time.

7  AR 305.  The ALJ gave little weight to this portion of Dr. Sylwester's opinions on the grounds

8  that it relied heavily on Plaintiff's unreliable self-reports and conflicted with the objective

9  medical evidence and Plaintiff's activity level.  AR 25.

10  *a.  Plaintiff's Self-Reports*

11  "If a treating provider's opinions are based 'to a large extent' on an applicant's self-

12  reports and not on clinical evidence, and the ALJ finds the applicant not credible, the ALJ may

13  discount the treating provider's opinion."  *Ghanim*, 763 F.3d at 1162 (quoting *Tommasetti v.*

14  *Astrue*, 533 F.3d 1035, 1041 (9th Cir. 2008)).  "However, when an opinion is not more heavily

15  based on a patient's self-reports than on clinical observations, there is no evidentiary basis for

16  rejecting the opinion."  *Id.*

17  The ALJ's finding that Dr. Sylwester's opinions relied heavily on Plaintiff's self-reports

18  is not supported by substantial evidence.  For example, while Plaintiff told Dr. Sylwester that "he

19  can only sit for about 15 minutes and tries not to do any lifting," Dr. Sylwester opined that

20  Plaintiff can sit for two hours and can lift 20 pounds occasionally and 10 pounds frequently.  AR

21  302; AR 305.  Dr. Sylwester made extensive objective findings, including reduced range of

22  motion in the back and hips, spasm in lumbar spine, and abnormal straight leg raise test results.

23

AR 304. The ALJ has not identified any statement by Plaintiff that went unquestioned into Dr. Sylwester's opinions.

Dr. Sylwester based her standing/walking and sitting limitations on "radicular symptoms," which the Commissioner appears to argue are simply Plaintiff's self-reports. AR 305; Dkt. 20 at 4. However, in the portion of the ALJ's decision that the Commissioner points to, the ALJ found that the "medical treatment notes support" Plaintiff's testimony of back pain "that radiates into the thighs." AR 23. Even if radicular symptoms rely to some degree on Plaintiff's self-reports, the ALJ found them reliable.

Reliance on Plaintiff's unreliable self-reports was not a specific and legitimate reason to discount Dr. Sylwester's opinions.

### b. Objective Medical Evidence

Conflict with the medical record can be a specific and legitimate reason to discount a medical opinion. *Morgan v. Comm'r of Soc. Sec. Admin.*, 169 F.3d 595, 601-02 (9th Cir. 1999) (affirming rejection of doctor's opinion that was contradicted by her own and other medical examiners' reports).

The ALJ stated that Dr. Sylwester's opinions were "not supported by the objective evidence," without identifying any evidence that conflicted with her opinions. AR 25. Dr. Sylwester's own extensive clinical findings, including reduced range of motion in the back and hips, spasm in lumbar spine, and abnormal straight leg raise test results, are objective evidence that support her opinions. AR 304.

Conflict with the medical evidence was not a specific and legitimate reason to discount Dr. Sylwester's opinions.

## c. *Plaintiff's Activities*

Conflict with a claimant's activities "may justify rejecting a treating provider's opinion." *Ghanim*, 763 F.3d at 1162. The ALJ cited "exacerbating his back pain after lifting an organ." AR 23 (citing AR 391). In other words, Plaintiff was not able to lift an organ without hurting himself. Treatment notes after this episode show that when he tried to lift the organ, "his back spasmed and popped and he had acute pain. … He initially couldn't get out of bed." AR 391. Lifting an organ is an activity Plaintiff cannot do, and thus is not an activity that contradicts Dr. Sylwester's opinions. The ALJ also cited Plaintiff's report of "regular exercise unloading his truck" and using a hand jack. AR 23 (citing AR 277). In a "Health Summary" printed in September 2015, the "Social History" section states Plaintiff is a "Truck Driver working for Penisula trucking" and "[g]ets some exercise unloading his truck (delivers to hospitals)." AR 277. However, a December 2014 treatment note from the same clinic states that Plaintiff "was fired from his job this past week because of his back, so is currently unemployed." AR 281. And the ALJ found that Plaintiff had not been employed after November 2014. AR 17. Because Plaintiff was not working in September 2015, the Health Summary information was clearly historical, not current. Although an ALJ's interpretation must be upheld if rational, the interpretation that Plaintiff made truck deliveries to hospitals while not employed is not rational. *Burch*, 400 F.3d at 680-81. Accordingly, substantial evidence does not support the ALJ's finding that Plaintiff got regular exercise unloading his truck after his alleged onset date. Conflict with activities was not a specific and legitimate reason to discount Dr. Sylwester's opinions.

The ALJ erred by discounting Dr. Sylwester's opinions without providing a specific and legitimate reason.

1          3.          Anthony Enos, Ph.D.

2          Plaintiff's treating therapists, Dr. Enos and Darlene R. Tewault, MA, LMHC, opined in a

3  June 2015 letter that Plaintiff was "significantly impaired" due to PTSD and other mental

4  impairments.  AR 261.  The ALJ failed to describe what weight he gave this opinion.  The

5  Commissioner contends the ALJ addressed the opinion by "specifically mention[ing] the mental

6  health symptoms listed by Dr. Enos" and finding them inconsistent with the longitudinal

7  treatment notes.  Dkt. 20 at 3 (citing AR 18).  The portion of the ALJ's decision that the

8  Commissioner cites does not even acknowledge that the letter is a medical opinion.  In step three,

9  the ALJ, citing Dr. Enos' letter, wrote that "the claimant has alleged symptoms" such as anger,

10  sadness, and anxiety.  AR 18 (citing AR 261); *see also* AR 23.  The ALJ then wrote: "However,

11  the longitudinal treatment notes have not generally reported him with deficits in cognition,

12  memory, or intellectual functioning during the period under review."  AR 18.  This is irrelevant

13  to Dr. Enos' opinions, which do not rely on deficits in cognition, memory, or intellectual

14  functioning.  Rather, Dr. Enos' opinions cite emotional symptoms such as anger, depression,

15  sadness, hopelessness, and low self-esteem.  AR 261.  The ALJ's citation to Dr. Enos' letter is

16  wholly inadequate to the standards required to discount a treating doctor's opinion.

17          The Commissioner argues that the ALJ "was not required to address [Dr. Enos']

18  conclusion of disability" because it was an issue reserved to the Commissioner and because it

19  relied on "factors other than his disabilities."  Dkt. 20 at 3.  The Commissioner misreads Dr.

20  Enos' letter.  Dr. Enos stated that it was his opinion that Plaintiff was "significantly impaired due

21  to his PTSD symptomology, rigid black and white belief system, and the inability to secure and

22  maintain gainful employment."  AR 261.  The Commissioner somehow interprets this as a

23  conclusion of disability that is premised on black and white thinking and inability to get a job.

ORDER REMANDING FOR FURTHER
ADMINISTRATIVE PROCEEDINGS - 8

1   What Dr. Enos actually opined was that Plaintiff was "significantly impaired" because of PTSD

2   symptoms.  Earlier in the letter, Dr. Enos explained that "illogical black and white thinking" was

3   a PTSD symptom, not some unrelated factor.  AR 261.  And Plaintiff's inability to get a job

4   supported Dr. Enos' opinion that he was significantly impaired.  Even if one of Dr. Enos'

5   opinions was that Plaintiff was disabled, although an ALJ is not bound by the "opinions of the

6   claimant's physicians on the ultimate issue of disability, … he cannot reject them without

7   presenting" legally sufficient reasons for doing so.  *Matthews v. Shalala*, 10 F.3d 678, 680 (9th

8   Cir. 1993); *see* SSR 96-5p ("the regulations provide that the final responsibility for deciding

9   issues such as [whether an individual is 'disabled'] is reserved to the Commissioner.

10  Nevertheless, our rules provide that adjudicators must always carefully consider medical source

11  opinions about any issue, including opinions about issues that are reserved to the

12  Commissioner.").  But the ALJ here gave no reason at all to reject any of Dr. Enos' opinions.

13          The Court concludes the ALJ erred by failing to address Dr. Enos' opinions.

14                    4.      Darlene Tewault, MA, LMHC

15          Ms. Tewault wrote a letter in October 2017 that contained the same opinions as her and

16  Dr. Enos' June 2015 letter, and noted that she had treated Plaintiff from January 2015 to October

17  2016.  AR 402.  The ALJ gave Ms. Tewault's opinions "[l]ittle weight" because she had not

18  treated Plaintiff in a year and thus her assessment was not based on an "active treating

19  relationship" and not "supported by the most recent evidence."  AR 25.  Ms. Tewault treated

20  Plaintiff for almost two years of the relevant period after the alleged onset date.  The lapse of the

21  treatment relationship was not a germane reason to discount her opinions.

22          The ALJ also discounted Ms. Tewault's opinions based on improvement with

23  medication.  AR 25.  In November 2016, a month after his medication dose was increased,

Plaintiff reported his "anxiety [was] much better controlled" and he was "[n]ot panicky" and "[n]ot feeling overwhelmed anymore." AR 333.

Impairments that can be "controlled effectively" by medication or treatment are not considered disabling for purposes of determining eligibility for Social Security benefits. *See Warre v. Comm'r of Soc. Sec. Admin.*, 439 F.3d 1001, 1006 (9th Cir. 2006). However, "'doing well for the purposes of a treatment program has no necessary relation to a claimant's ability to work or to her work-related functional capacity.'" *Garrison*, 759 F.3d at 1017 (quoting *Hutsell v. Massanari*, 259 F.3d 707, 712 (8th Cir. 2001)). Evidence that medical treatment helped a claimant "'return to a level of function close to the level of function they had before they developed symptoms or signs of their mental disorders' … can undermine a claim of disability." *Wellington v. Berryhill*, 878 F.3d 867, 876 (9th Cir. 2017) (quoting 20 C.F.R. Pt. 404, Subpt. P, App'x 1, § 12.00H (2014)).

The symptoms Ms. Tewault cited in her letter were "extreme bouts of anger, depression, sadness, hopelessness, and low self-esteem." AR 402. That Plaintiff's anxiety and panic symptoms improved does not contradict Ms. Tewault's opinions. Improvement with medication was not a germane reason to discount her opinions.

The ALJ also discounted Ms. Tewault's opinions as contradicted by the medical evidence. AR 25. During a November 2015 examination, Plaintiff stated that "his anxiety increases while in crowds, but is still manageable." AR 310. But Ms. Tewault's opinions were based on anger, depression, sadness, hopelessness, and low self-esteem, not just anxiety. AR 261. In a form asking how often he "go[es] outside," Plaintiff wrote "every day." AR 215. This is not, as the ALJ characterized it, evidence that Plaintiff "go[es] out in public unaccompanied on a daily basis." AR 25. An ALJ may not reject evidence based on an inaccurate portrayal of the

record. *See Reddick*, 157 F.3d at 722-23 (reversing ALJ's decision where his "paraphrasing of record material is not entirely accurate regarding the content or tone of the record"). There is no evidence that Plaintiff goes any farther than his own backyard or front step on a daily basis. Going outside does not contradict Ms. Tewault's opinions that Plaintiff is significantly impaired.

The ALJ erred by discounting Ms. Tewault's opinions without providing a germane reason.

### 5. Alexander Patterson, Psy.D.

Dr. Patterson examined Plaintiff in November 2015 and opined that his ability to work was "moderately impaired" due to anxiety and PTSD. AR 310. The ALJ found this portion of Dr. Patterson's opinions "vague and imprecise," and discounted it because Plaintiff did not disclose the extent of his alcohol abuse. AR 25. In the examination, Plaintiff "denie[d] any current or past problems with alcohol or drugs." AR 308. Plaintiff's attorney conceded that Plaintiff "drank a lot" until March 2016. AR 22 (citing AR 249). However, the ALJ did not explain how knowing the extent of Plaintiff's alcohol use might have changed Dr. Patterson's opinions. Plaintiff appears to concede that the opinions lacked concrete functional limitations, but contends that under 20 C.F.R. § 404.1519p(b) the ALJ should have contacted Dr. Patterson for clarification. Dkt. 11 at 6-7.

Because this case must be remanded for further administrative proceedings based on the errors discussed above, the ALJ will have the opportunity to decide whether to seek additional information from Dr. Patterson regarding concrete functional limitations or whether knowledge of alcohol abuse would change his opinions. "An ALJ's duty to develop the record further is triggered only when there is ambiguous evidence or when the record is inadequate to allow for proper evaluation of the evidence." *Mayes v. Massanari,* 276 F.3d 453, 459–60 (9th Cir. 2001).

1  Because several pieces of rejected evidence must be reconsidered, the Court cannot at this point

2  determine whether the record will, on remand, be inadequate.  On remand the ALJ should

3  consider whether Dr. Patterson's opinions require clarification in light of the record as a whole.

4              6.        State Agency Reviewing Doctors

5         In Plaintiff's pre-hearing memorandum to the ALJ, Plaintiff objected to the state agency

6  non-examining doctors' opinions because they had "no evidentiary support," and requested the

7  ALJ "provide an opportunity for cross-examination" if the ALJ "intend[ed] to rely" on these

8  opinions.  AR 249.

9         Plaintiff now argues that this was a "request for a subpoena," which the ALJ erred by not

10  addressing, but fails to establish that he met the requirements for a subpoena.  Dkt. 11 at 9 (citing

11  Hearing, Appeals, and Litigation Law Manual (HALLEX) § I-2-5-78); *see* HALLEX § I-2-5-78

12  (Claimant must "[s]tate the important fact(s) that the witness(es) or document(s) is expected to

13  prove; and [i]ndicate why the fact(s) could not be proven without issuing a subpoena.").  And,

14  without any supporting argument, Plaintiff asserts that he was denied due process.  Dkt. 11 at 10.

15  A bare assertion is insufficient to preserve an issue on appeal.  *Carmickle v. Comm'r, Soc. Sec.*

16  *Admin.*, 533 F.3d 1155, 1161 n.2 (9th Cir. 2008) (declining to address issues not argued with

17  specificity in briefing).  *See Indep. Towers of Wash. v. Washington*, 350 F.3d 925, 929-30 (9th

18  Cir. 2003) (party must argue an issue "specifically and distinctly" to invoke this court's review).

19         Plaintiff has shown no error in the ALJ's handling of his request to cross-examine the

20  state agency non-examining doctors.

21  **B.        Plaintiff's Testimony**

22         Plaintiff testified that he cannot sit for more than three to four hours total per day.  AR

23  52, 58.  Walking for a few minutes causes pain.  AR 59.  When his back "goes out," which can

1  last three weeks and happens multiple times per year, he cannot do anything.  AR 53.  His PTSD

2  makes him "get crazy" or "get mad," which leads to him getting fired.  AR 52, 54.  Three or four

3  times a day, he needs to isolate himself to prevent "blowing up on everybody."  AR 56.  Three or

4  four times a month, his depression keeps him from leaving the house.  AR 63.

5          Where, as here, an ALJ determines a claimant has presented objective medical evidence

6  establishing underlying impairments that could cause the symptoms alleged, and there is no

7  affirmative evidence of malingering, the ALJ can only discount the claimant's testimony as to

8  symptom severity by providing "specific, clear, and convincing" reasons that are supported by

9  substantial evidence.  *Trevizo*, 871 F.3d at 678.

10         The ALJ discounted Plaintiff's testimony based on inconsistent statements and conflict

11  with the medical record and his activities.

12                 1.      Inconsistent Statements

13         An ALJ may discount a claimant's testimony if his "statements about the intensity,

14  persistence, and limiting effects of symptoms" are not consistent.  Social Security Ruling (SSR)

15  16-3p, 2017 WL 5180304 at *9 (S.S.A. 2017).

16         In June 2016, Plaintiff told his doctor that he stopped drinking alcohol around March

17  2016, when his father died, and the ALJ accepted this statement.  AR 316; AR 22.  Plaintiff told

18  his doctor that at some time prior to quitting, he drank a fifth of whiskey a day and, some time

19  later, six cans of beer per day.  AR 316.  The ALJ found this inconsistent with (1) Plaintiff's

20  statement in March 2015 to another treating provider that in the last year he had one or two

21  drinks two to four times per month, and never had six or more drinks "on one occasion," and (2)

22  Plaintiff's statement in November 2015 to an examiner that he drank occasionally.  AR 293-94.

23  The ALJ did not, however, identify the relevance of these statements to Plaintiff's symptoms.

ORDER REMANDING FOR FURTHER
ADMINISTRATIVE PROCEEDINGS - 13

The ALJ expressly found alcohol abuse was not a severe impairment and was not disabling. AR 17, 22. "[S]ubjective symptom evaluation is not an examination of an individual's character." SSR 16-3p at *2. Inconsistent statements about alcohol use was not a clear and convincing reason to discount Plaintiff's testimony about his physical and mental limitations.

The ALJ also found Plaintiff's receipt of unemployment benefits inconsistent with his allegations of disabling limitations. AR 22. Plaintiff testified that he received unemployment benefits for an unspecified period after he was fired due to his back impairment. AR 44-45. He was required to look for at least part-time work. AR 45-46. Holding oneself out as available for part-time work is not inconsistent with disability allegations. *Carmickle*, 533 F.3d at 1161-62. Although Plaintiff testified he "was looking for, basically, both" part-time and full-time work, "[n]obody would hire [him] with [his] back issue." AR 46. Looking at the record as a whole, the fact that Plaintiff looked for full-time as well as part-time work is not enough to support wholesale rejection of Plaintiff's testimony regarding his symptoms over the entirety of the disability period.

Making inconsistent statements was not a clear and convincing reason to discount Plaintiff's testimony.

### 2. Medical Evidence

While lack of supporting medical evidence is not a clear and convincing reason to discount a claimant's testimony, an ALJ may reject symptom testimony when it is contradicted by the medical evidence. *See Burch*, 400 F.3d at 681; *Carmickle*, 533 F.3d at 1161 ("Contradiction with the medical record is a sufficient basis for rejecting a claimant's subjective testimony.").

1  Evidence that Plaintiff's anxiety improved with medication does not contradict Plaintiff's

2  testimony of problems with anger and depression.  *See* AR 24, 333.  Normal cognition, memory,

3  reasoning, and judgment also do not conflict with anger and depression.  *See* AR 23-24.

4  Clinical findings of "no acute distress" do not undermine Plaintiff's testimony.  AR 23.

5  "Acute" means "of recent or sudden onset; contrasted with chronic."  Oxford English Dictionary,

6  acute (3d ed. December 2011).  Plaintiff's impairments are chronic, not acute.  The ALJ cited

7  normal gait, strength, and sensation, but also noted difficulty squatting, limited bending ability,

8  lumbar paraspinal tenderness, muscle spasms, and left ankle and foot osteoarthritis.  AR 23.

9  Merely listing the normal and abnormal findings does not explain why the ALJ considered the

10  normal results more significant.  The ALJ has not shown that the objective medical evidence

11  contradicts Plaintiff's testimony.

12  Conflict with the medical evidence was not a clear and convincing reason to discount

13  Plaintiff's testimony.

14  3.  Activities

15  An ALJ may discount a claimant's testimony based on daily activities that either

16  contradict her testimony or that meet the threshold for transferable work skills.  *Orn v. Astrue*,

17  495 F.3d 625, 639 (9th Cir. 2007).

18  Regarding physical impairments, Plaintiff's injury from attempting to lift an organ and

19  his out-of-date report of regular exercise failed to establish that his activities contradict his

20  testimony.  *See* AR 23, 391, 277.

21  Regarding mental impairments, the ALJ cited Plaintiff's ability to drive a car, care for his

22  father, and settle his father's estate.  AR 23.  The ALJ described driving as "a divided attention

23  task that requires concentration and attention."  AR 24.  But Plaintiff testified to anger problems,

ORDER REMANDING FOR FURTHER
ADMINISTRATIVE PROCEEDINGS - 15

1    not attention deficits.  The ALJ cited a single reference to Plaintiff "help[ing] to take care of" his

2    father, but no specific activities are described in the record.  AR 302.  The only specific

3    information describes what Plaintiff did not do: "He does not have to do any lifting or

4    transferring as part of his duties with taking care of his father."  AR 302.  Without more, this

5    does not contradict Plaintiff's testimony.  The ALJ also relied on a single reference stating that

6    Plaintiff "feels a little overwhelmed and stressed with his wife and with his father's estate."  AR

7    336.  There is no evidence that Plaintiff performed any activities to settle his father's estate that

8    contradict his testimony.  None of the activities the ALJ relied on contradict Plaintiff's testimony

9    or meet the threshold for transferable work skills.

10          Activities were not a clear and convincing reason to discount Plaintiff's testimony.

11          The ALJ erred by discounting Plaintiff's testimony without providing a clear and

12    convincing reason.

13          **C.      Plaintiff's Wife's Testimony**

14          Plaintiff's wife testified that Plaintiff's back "goes out" approximately every three

15    months and lasts one to four weeks.  AR 66.  Plaintiff has a very short temper, which has led to

16    him losing every job in the eight years she has known him.  AR 68.  Because of Plaintiff's poor

17    focus and concentration, his wife testified that she must help him fill out even simple forms.  AR

18    70.

19          An ALJ may discount lay witness testimony by giving a germane reason.  *Diedrich v.*

20    *Berryhill*, 874 F.3d 634, 640 (9th Cir. 2017).  The ALJ described Plaintiff's wife's testimony but

21    erred by failing to provide any reason to discount it.  AR 21.  The Commissioner argues that the

22    error is harmless because the reasons to discount Plaintiff's testimony apply equally to her

23    testimony.  Dkt. 20 at 6.  The Commissioner's argument fails because the ALJ did not provide a

1  sufficient reason to discount Plaintiff's testimony.  None of the reasons the ALJ provided would

2  suffice even as a germane reason to discount his wife's testimony.

3      The ALJ erred by failing to address Plaintiff's wife's testimony.

4      **D.      Scope of Remand**

5      Plaintiff requests remand for payment of benefits or, in the alternative, for further

6  administrative proceedings.  Dkt. 21 at 9.  Remand for an award of benefits "is a rare and

7  prophylactic exception to the well-established ordinary remand rule."  *Leon v. Berryhill*, 880

8  F.3d 1041, 1044 (9th Cir. 2017).  The Ninth Circuit has established a three-step framework for

9  deciding whether a case may be remanded for an award of benefits.  *Id.* at 1045.  First, the Court

10  must determine whether the ALJ has failed to provide legally sufficient reasons for rejecting

11  evidence.  *Id.* (citing *Garrison*, 759 F.3d at 1020).  Second, the Court must determine "whether

12  the record has been fully developed, whether there are outstanding issues that must be resolved

13  before a determination of disability can be made, and whether further administrative proceedings

14  would be useful."  *Treichler v. Comm'r of Soc. Sec. Admin.*, 775 F.3d 1090, 1101 (9th Cir. 2014)

15  (internal citations and quotation marks omitted).  If the first two steps are satisfied, the Court

16  must determine whether, "if the improperly discredited evidence were credited as true, the ALJ

17  would be required to find the claimant disabled on remand."  *Garrison*, 759 F.3d at 1020.  "Even

18  if [the Court] reach[es] the third step and credits [the improperly discredited evidence] as true, it

19  is within the court's discretion either to make a direct award of benefits or to remand for further

20  proceedings."  *Leon*, 880 F.3d at 1045 (citing *Treichler*, 773 F.3d at 1101).

21      At issue is the second step.  Outstanding issues remain to be resolved.  For example, Dr.

22  Sylwester's opinion that Plaintiff cannot sit more than two hours per day and requires position

23  changes conflicts with the state agency doctors' opinions that he could sit for six hours, as well

ORDER REMANDING FOR FURTHER
ADMINISTRATIVE PROCEEDINGS - 17

as with Plaintiff's testimony that he can sit for three or four hours per day.  AR 305, 87, 102, 52.

It is the ALJ's role to resolve conflicts in the record.  *Andrews*, 53 F.3d at 1039.  Enhancement of

the record would be useful and, accordingly, remand for further proceedings is appropriate.

IV.     CONCLUSION

For the foregoing reasons, the Commissioner's final decision is REVERSED and this

case is REMANDED for further administrative proceedings under sentence four of 42 U.S.C. §

405(g).

On remand, the ALJ should consider or reconsider Plaintiff's and his wife's testimony

and the opinions of Ms. Wilder, Dr. Sylwester, Dr. Enos, Ms. Tewault, and Dr. Patterson;

reassess the RFC as appropriate; and proceed to step five as necessary.

DATED this 10th day of December, 2019.

John C. Coughenour
UNITED STATES DISTRICT JUDGE

ORDER REMANDING FOR FURTHER
ADMINISTRATIVE PROCEEDINGS - 18